8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 DERRICK VERNON MORRIS, | ) | Case No. CV 16-4796-SP |
| 12 Plaintiff, | ) ) | |
| | ) | MEMORANDUM OPINION AND |
| 13 v. | ) ) | ORDER |
| 14 | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| 15 Commissioner of Social Security | ) | |
| Administration, | ) | |
| 16 | ) | |
| Defendant. | ) | |
| 17 | ) | |
| 18 | ) | |

19 **I.**

20 **<u>INTRODUCTION</u>**

21     On June 30, 2016, plaintiff Derrick Vernon Morris filed a complaint against

22 defendant, the Commissioner of the Social Security Administration

23 ("Commissioner"), seeking a review of a denial of supplemental security income

24 ("SSI"). The parties have fully briefed the matters in dispute, and the court deems

25 the matter suitable for adjudication without oral argument.

26     Plaintiff presents two disputed issues for decision: (1) whether the

27 Administrative Law Judge ("ALJ") properly considered the opinion of plaintiff's

28

treating physician; and (2) whether the ALJ considered all of the relevant evidence in his residual functional capacity ("RFC") determination. Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-5; Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-7.

Having carefully studied the parties' memoranda on the issues in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the opinion of plaintiff's physician and all of the relevant evidence. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was fifty-two years old on the alleged disability date, has a tenth grade education. AR at 26, 37. Plaintiff has past relevant work as an automobile detailer, janitor, and general laborer. *Id*. at 30.

On October 1, 2013, plaintiff filed an application for SSI, alleging an onset date of May 1, 2013 due to levoscoliosis, arthritis, degenerative disc disease, lower back pain, bulging disc, arthritis in the left shoulder, chest pain, and congestion. *Id*. at 37. The Commissioner denied plaintiff's application initially, after which he filed a request for a hearing. *Id*. at 49-56.

On November 13, 2014, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 22-35. The ALJ also heard testimony from a medical expert and a vocational expert. *Id*. at 27-32. The ALJ denied plaintiff's claim for benefits on December 3, 2014. *Id*. at 10-18.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since October 1, 2013, the application date. *Id*. at 12.

At step two, the ALJ found plaintiff suffered from the following severe

impairments: degenerative disc disease, lumbar spine; scoliosis; and osteoarthritis or rheumatoid arthritis, left shoulder. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.*

The ALJ then assessed plaintiff's RFC,[1] and determined he had the RFC to perform a wide range of light work with the limitation that plaintiff could only occasionally use the non-dominant left upper extremity, but not above shoulder level. *Id.*

The ALJ found, at step four, that plaintiff was unable to perform his past relevant work as an automobile detailer, janitor, and general laborer. *Id.* at 16.

At step five, the ALJ found that given plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including: counter clerk; conveyor line, bakery worker; and investigator, dealer accounts. *Id.* at 17-18. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act ("Act" or "SSA"). *Id.*

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

# III.
# **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

**A.     The ALJ Properly Considered Dr. Yepremian's Opinion**

Plaintiff contends the ALJ failed to properly consider the opinion of his treating physician, Dr. Kelly Yepremian.  P. Mem. at 2-4.  Specifically, the ALJ failed to even discuss Dr. Yepremian's opinion, much less offer specific and legitimate reasons for discounting her opinion.  *Id*.

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence.  20 C.F.R. § 416.927(b).[2]  In evaluating medical opinions, the regulations distinguish among three types of physicians:  (1) treating physicians; (2) examining physicians; and (3) non-examining physicians.  20 C.F.R. § 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).  "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 416.927(c)(1)-(2).  The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician.  *Smolen*, 80 F.3d at 1285.  If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight.  *Lester*,

---

[2]  The Social Security Administration issued new regulations effective March 27, 2017.  Unless otherwise stated, all regulations cited in this decision are effective for cases filed prior to March 27, 2017.

5

81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

Dr. Kelly Yepremian, an internist at St. John's Well Child & Family Center ("St. John's"), completed a Referral for Physical Health Disability Assessment Services Form on March 31, 2014. AR at 194-99. In the form, Dr. Yepremian noted that plaintiff required treatment for his thyroid disease, heart, and lower back. *See id.* at 194. Dr. Yepremian reported that plaintiff had decreased range of motion in the lumbar spine upon physical examination and otherwise normal findings. *See id.* at 196. Based on plaintiff's reported history and the physical findings, Dr. Yepremian opined plaintiff was limited to lifting ten pounds with no other limitations. *Id.* at 197. Dr. Yepremian indicated plaintiff could perform his past work,[3] but she also opined plaintiff was temporarily unemployable until September 30, 2014. *See id.* at 197-98.

Although plaintiff characterizes Dr. Yepremian as a treating physician, there is no evidence of a treating relationship. The record indicates plaintiff was examined on July 25, 2013 by another physician at St. Johns's and on March 31, 2014 by Dr. Yepremian, but contains no other treatment or examination records

---

[3] Plaintiff told Dr. Yepremian he had not worked in the past ten years. *See* AR at 195. In a separate Referral for Physical Health Disability Assessment Services Form completed on July 25, 2013 by an unknown medical source from St. John's, plaintiff reported that he worked in construction in 2005. *See id.* at 185.

6

from St. John's. *See id*. at 184-98. Thus, Dr. Yepremian could not be considered a treating physician and her opinion was not entitled to greater weight. Nevertheless, the ALJ was still required to consider and address Dr. Yepremian's opinion. *See* Social Security Ruling ("SSR")[4] 96-8p ("The RFC assessment must always consider and address medical source opinions.").

      Here, contrary to plaintiff's assertions, the ALJ properly considered Dr. Yepremian's opinion. Although the ALJ did not expressly name Dr. Yepremian, he discussed and discounted the reports from St. John's, noting that they were simply quarterly assessments in connection with the ongoing receipt of general relief income that reflected plaintiff's self-reports rather than treatment records or a "workup of alleged symptoms." *See* AR at 14. The ALJ's assessment was supported by the record. The records from St. John's were not treatment records. Instead, they consisted of forms completed for purposes of obtaining general relief funds. Moreover, the forms contained minimal physical exam findings – lower back pain and decreased range of motion – and instead were primarily a recitation of plaintiff's self-reported history. *See id*. at 186, 193, 196. The ALJ therefore properly dismissed Dr. Yepremian's opinion on the basis that it was unsupported by treatment notes and objective findings, and was based on plaintiff's discounted subjective complaints. *See id*. at 14; *see also Morgan*, 169 F.3d at 602 (physician's opinion based on the claimant's own complaints may be disregarded if the claimant's complaints have been properly discounted); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (ALJ may legitimately accord less weight to, or

---

[4] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan*, 246 F.3d at 1202 n.1 (internal citations omitted).

reject, the opinion of a physician based on the self-reporting of an unreliable claimant where that claimant's complaints have been properly discounted); AR at 15-16 (finding plaintiff not entirely credible).

Even if the ALJ erred by not expressly referencing Dr. Yepremian's opinion that plaintiff could only lift ten pounds and was temporarily disabled for six months, the error was harmless. *See* AR at 197-98. As discussed above, the reasons provided for discounting the St. John's reports – lack of treatment records and objective findings and reliance on plaintiff's discounted credibility – were specific and legitimate and supported by substantial evidence. Second, the ultimate disability determination was within the purview of the ALJ, not Dr. Yepremian. *See* 20 C.F.R. § 416.927(d)(1). Third, Dr. Yepremian's opinion was internally inconsistent. Dr. Yepremian both opined plaintiff could return to his past work and was temporarily unable to work. *See id.* at 197-98. Further, even if the ALJ accepted Dr. Yepremian's opinion, it would not support a disability finding. In order to qualify for SSI, an impairment must last for a continuous twelve-month period. 20 C.F.R. § 416.909. Dr. Yepremian only opined a temporary six-month period of disability. *See* AR at 198.

Accordingly, the ALJ properly considered Dr. Yepremian's opinion and offered specific and legitimate reasons supported by substantial evidence for giving it no weight, and any error was harmless.

**B.     The ALJ Properly Considered All Relevant Evidence in His RFC Determination**

Plaintiff argues that the ALJ failed to properly consider all of the relevant evidence and therefore, his RFC assessment was improper. P. Mem. at 4-5. Specifically, plaintiff contends the ALJ failed to consider a lumbar spine MRI from March 27, 2012. *Id.*

RFC is what one can "still do despite [his or her] limitations." 20 C.F.R.

§ 416.945(a)(1)-(2). The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments. *Id.*

The ALJ determined plaintiff had the RFC to perform a wide range of light work with the limitation of occasional use of the non-dominant left upper extremity but not above shoulder level. AR at 12. In reaching this determination, the ALJ discussed plaintiff's medical records, including images from March 18, 2010 and March 26, 2012 which showed possible osteoarthritis in the left shoulder and mild to moderate degenerative changes in the lumbar spine, but did not specifically discuss findings from an MRI dated March 27, 2012 ("March 2012 MRI"). *See id.* at 13-14, 169, 224-26. Upon discussing the submitted medical records, the ALJ expressly stated that there were "no further treating records and no significant findings beyond those accounted for" in his findings discussion. *Id.* at 14.

An "ALJ does not need to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotations and citation omitted). But the ALJ is required to discuss significant and probative evidence. *See id.*; *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The March 2012 MRI of the lumbar spine showed mild to moderate degenerative disk diseases with 6-7 mm disk protrusions impinging on nerve roots, as well as moderate left neural foraminal stenosis and moderate facet degenerative changes. *Id.* at 169. The March 2012 MRI suggested more severe impairments than the March 2010 images. *Compare id.* at 169, 224. As such, the March 2012 MRI was probative and should have been discussed.

Although the ALJ did not specifically cite the MRI, the ALJ references it more generally and it is clear from the decision that the ALJ reviewed and considered it. The ALJ noted he reviewed Exhibit 2F of the administrative record and that it contained objective findings of degenerative changes in the lumbar spine. *See* AR at 13, 15. The March 2012 MRI was part of Exhibit 2F, and it was

the only record in Exhibit 2F documenting degenerative changes in the lumbar spine. *See id.* at 169. Further, the ALJ gave great weight to the opinion of medical expert Dr. Anthony E. Francis, and some weight to the opinions of consultative physician Dr. Concepcion A. Enriquez and State Agency physician Dr. Tom Dees.[5] *See id*. at 14-15. Dr. Francis, Dr. Enriquez, and Dr. Dees all reviewed and considered the March 2012 MRI in formulating their opinions that plaintiff was capable of performing light work.[6] *See id*. at 28-29, 32, 43, 155. Indeed, when asked about the March 2012 MRI directly at the hearing before the ALJ, Dr. Francis explained that a person could not look at the March 2012 MRI results in isolation to make an RFC assessment, but instead had to correlate the results with other factors such as physical findings. *See id*. at 32. Because the ALJ cited to the general findings of the March 2012 MRI, albeit without specificity, and relied on the opinions of three physicians who reviewed and discussed the March 2012 MRI, the evidence shows the ALJ considered the March 2012 MRI in his RFC determination.

Accordingly, there is substantial evidence the ALJ properly considered all relevant evidence in his RFC determination. Since it is apparent the ALJ in fact considered the March 2012 MRI, any error by the ALJ in not specifically referencing it in his findings was harmless.

---

[5] The ALJ appeared to give less weight to the opinions of Dr. Enriquez and Dr. Dees regarding plaintiff's shoulder limitations because neither had the opportunity to review newly submitted evidence showing left shoulder impairment. *See* AR at 15.

[6] Although both Dr. Dees and Dr. Enriquez apparently reviewed the March 2012 MRI, they incorrectly referred to it as the "10/28/2010" MRI and "MRI of the lumbar spine that was done on 01/13/2010," respectively. *See* AR at 43, 155. The confusion was understandable given that the March 2012 MRI contains multiple dates. October 28, 2010 is listed as an admission date and January 13, 2010 is listed as a "PHHHCH" admission date. *See id*. at 169.

# V.
# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: January 25, 2018

_____
SHERI PYM
United States Magistrate Judge